IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Marco D. Keitt, | ) | C/A No.: 0:18-1462-JMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER AND NOTICE |
| S.C. Dept. of York; S.C. Dept. of Social Services; State of S.C.; and County of York, | ) | |
| Defendants. | ) | |

Marco D. Keitt ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against the South Carolina Department of York, South Carolina Department of Social Services, the State of South Carolina, and the County of York challenging his state child support obligations. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to

dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Factual and Procedural Background

Plaintiff filed this complaint seeking to "disestablish" paternity based on fraud and duress. [ECF No. 1-1 at 2]. Plaintiff states he is trying to establish a decent life, but he is unable to do so due to threats, duress, and the money taken from his taxes and workers compensation. [ECF No. 1 at 5]. Plaintiff claims he has paid at least $40,000 in child support, and he demands that this money be returned, and that he be awarded additional monies for his pain and suffering. *Id.*

## Discussion

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff cites to 18 U.S.C. § 242, the writ of habeas corpus, and Federal Rule of Civil Procedure 60(b), and seeks to void his child support orders,

including a refund of the child support he has already paid. [ECF No. 1]. Plaintiff, however, has failed to allege sufficient factual allegations or cite to appropriate statutory provisions establishing he is entitled to the relief he requests. *See Tribble v. Reedy*, 888 F.2d 1387 (4th Cir. 989) (finding Section 242 is a criminal statute that provides criminal penalties, but does not give rise to civil liability); *Johnson v. Thomas*, No. 4:10-CV-151-BR, 2011 WL 1344008, at *5 (E.D.N.C. Apr. 8, 2011) (concluding 18 U.S.C. § 242 provides no private cause of action); *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (noting the traditional purpose of habeas corpus is to attack the fact or length of confinement and finding "[i]n the case of a damages claim, habeas corpus is not an appropriate or available federal remedy"); *State Police for Automatic Retirement Ass'n v. Difava*, 164 F. Supp. 2d 141, 156 (D. Mass. 2001) ("[T]he Federal Rules of Civil Procedure do not create independently enforceable rights upon which [a plaintiff] may sue."); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (providing that a federal district court does not have jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Accordingly, Plaintiff's complaint is subject to summary dismissed.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the deficits in his complaint by filing an amended complaint within 14 days of this order, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the court will recommend to the district court that this action be dismissed without leave for further amendment.

IT IS SO ORDERED.

*[Signature: Shiva V. Hodges]*

June 14, 2018  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge